## KONDRUP *v.* STATE OF INDIANA.

[No. 31,026. Filed April 22, 1968.]

*Richard M. Salb,* of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Murray West*, Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a conviction of the appellant, by jury, for the crime of Second-Degree Burglary. The appellant was charged by affidavit which reads, omitting the formal parts thereof, as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came HARRY W. WOIRHAYE who, being duly sworn, upon his oath says that JOHN THOMAS KONDRUP on or about the 2nd day of June, A.D. 1965, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of CHESTER W. RUSSELL AND JOHN R. GIRVIN, d/b/a RUSSELL'S BAIT AND TACKLE, then and there situate at 1450 OLIVER AVENUE, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said CHESTER W. RUSSELL AND JOHN R. GIRVIN, d/b/a RUSSELL'S BAIT AND TACKLE, and to deprive said CHESTER W. RUSSELL AND JOHN R. GIRVIN, d/b/a RUSSELL'S BAIT AND TACKLE permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The evidence elicited at trial provides us with the following facts. On the night of June 1, 1965, the appellant (after closing hours and without the owners' permission) broke into a bait shop on the West side of Indianapolis. Entry was gained by throwing a fishing tackle box through the front-door glass. The business was equipped with a signal alarm system, and the windows were bordered with metallic tape which, when broken, would energize the alarm. When a building is so forcibly entered, an alarm sounds in a central office, but it emits no audible sounds on the premises entered. When the

central office receives the alarm, they notify the local police and the owners of the business. It is entirely possible for these parties to converge on the scene of the illegal entry before the felon has left or even become aware of their presence.

Due to this alarm system, on the night in question, the owners of the business, an ADT officer, and city police all arrived at the scene before the appellant had vacated the store. The appellant was observed inside the shop holding one of the guns belonging to the owners and loading it with their shells. There were several guns out of their racks, laying about him, and the floor was strewn with shells. The owners testified that the guns and shells were put away in their respective cabinets and racks when they closed that evening. The police entered the store and arrested the appellant on a charge of Pre-Burglary.

A business establishment across the street from the bait shop was also burglarized the same evening. The front glass in it had been broken out and the fishing tackle box which was used to break into the bait shop was identified as being stolen from the other business establishment. The appellant when apprehended had fresh cuts on his hands.

On appeal, as his only assigned error, appellant assigns that there was insufficient evidence to support his conviction rendering it contrary to law. More specifically, he points to Burns' Indiana Statutes, Anno., (1956 Replacement), § 10-701, which contains the following language:

"(b)   Whoever breaks and enters into . . . any building or structure other than a dwelling house . . . with the intent to commit a felony therein, shall be guilty of burglary in the second degree, . . ."

The appellant stresses the language in the statute (*supra*) which says:

". . . with intent to commit a felony . . ."

He maintains that while he did break and enter; he had no intention of committing a felony and that he is, therefore, not guilty of a burglary. He continues by saying there is no evidence to show that he intended to commit a felony since he was not observed carrying anything out of the bait shop.

The law in Indiana is well settled that the State must sustain its burden of proof on each element of the offense charged. *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543. However, some of these elements may be proven by circumstantial evidence. *Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 2d 350.

Appellant relies on the recent case from this Court of *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6, to support his theory of insufficiency of the evidence. In *Easton* the appellant was discovered in the prosecuting witness' apartment sitting and watching television. Upon being discovered he got up and left, taking nothing. After the occupant of the apartment checked her possessions she testified that nothing had been stolen and only a portable record player had been unplugged and moved. The Court reversed that conviction for burglary and stated:

"We have previously stated in essence that the intent to commit a felony in a burglary case is an issuable fact and must be proved under the foregoing rules set forth herein touching 'substantial evidence,' 'reasonable doubt,' 'sufficiency of the evidence' and the 'rule on review' thereof by the appellate courts. The intent being a primary element of the offense of first degree burglary we are of the opinion that such an issuable fact may not be inferred from proof *alone* of the breaking and entering."

Therefore, we must look to the evidence other than that concerning the breaking and entering *alone* to determine if there was sufficient evidence to show an intent to commit a felony.

While it is true that no one actually saw the appellant consummate the felony, the intent to commit a felony may be

inferred from the circumstances which legitimately permit it. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537 which cites as authority *Luther* v. *State* (1912), 177 Ind. 619, 625, 98 N. E. 640; *Dennison* v. *State* (1952), 230 Ind. 353, 356, 357, 103 N. E. 2d 443, 444. Also, it is well settled that the issue of intent is for the jury to determine.

"It has been held by this court that the issue of intent is a question of fact to be determined by the jury from all of the evidence submitted at the trial. Its verdict will not be disturbed on appeal unless there is an entire failure of the evidence to sustain it on some material point. . . ." *Tait* v. *State* (*supra*) citing as authority *Bleiweiss* v. *State* (1919), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577.

In addition, the felony need not have been completed in order to sustain a conviction for burglary. *Suter* v. *State* (1948), 227 Ind. 648, 88 N. E. 2d 386.

The evidence discloses that the appellant was inside the store after hours without permission. He had removed several guns from their places on the racks and he was holding one of the guns in his hand loading it when he was arrested by the police.

"Where the evidence, either direct or circumstantial, is such that two inferences may reasonably be drawn therefrom, one of guilt and one of innocence, it is not within the province of this court to determine which inference should have controlled, that being exclusively for the trial court. *Schlegel* v. *State* (1950), 228 Ind. 205, 91 N. E. 2d 167; *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445. See *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892." *Dennison* v. *State* (*supra*).

We conclude that there was sufficient evidence of intent to warrant the jury in determining that the appellant had broken into the bait shop with an intent to commit a felony.

Judgment affirmed.

Arterburn, Hunter, Jackson and Mote, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 703.