BRIAN LYNN FAULKNER *v.* STATE OF INDIANA.

[No. 1171S315. Filed February 21, 1973. Rehearing denied April 18, 1973.]

*Timothy J. Conner*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves III*, Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction of entering to commit a felony (IC 1971, 35-13-4-5, being Burns § 10-704) after a trial without jury in the Allen Circuit Court, Judge Herman F. Busse presiding. Appellant was sentenced to the Indiana Reformatory for one to ten years and fined $300.00. He bases his appeal on the ground that the evidence introduced at trial was insufficient to sustain his conviction.

Evidence introduced by the State included testimony by Marvin Kiessling who stated that on the night of January 23, 1970, at about 1:30 or 2:00 a.m. he was driving by the Rice Oldsmobile dealership after taking his wife to work. He turned into Rice's parking lot in order to examine a used car he was thinking of buying. As the lights of his car swept along the Rice building he noticed that one of the windows in the body shop section of the building was broken. He saw the head of a man look out of the broken window and duck down again quickly. A few minutes later the head appeared again and the man crawled out of the window and crouched down between the building and some cars parked alongside the building. Mr. Kiessling identified the man in the building as

the appellant. The man made his way down between the cars and the building until he reached a green Oldsmobile which he got in and drove away at a high rate of speed. Kiessling testified that the man appeared to be carrying a pistol in one hand.

As the car sped away Mr. Kiessling attempted to follow but found it hard to keep up because of icy road conditions. He kept appellant's car in sight, however, and noticed it skid off the road into a snowdrift near a group of picketing workers at a G.E. plant. Appellant got out of the car and ran past the picketers into the woods. Mr. Kiessling started to follow him until he heard what sounded like a shot, at which time he gave up the chase.

William Meadows testified that at the time of the incident he worked for Rice Oldsmobile as a salesman. Appellant and Meadows agreed to go into the body shop business together and Meadows had signed a lease on a vacant building for that purpose. In the early evening of January 23, 1970, appellant and Meadows were in their body shop drinking. They drank most of the night and Meadows testified that both he and appellant were "pretty drunk." Meadows left appellant at about midnight that night. The next day a fellow employee at Rice Oldsmobile called Meadows' apartment and said he wanted to see appellant about a break-in the previous evening at Rice's building. Meadows and the Rice employee went to appellant's apartment where they asked appellant about the break-in. Meadows testified that appellant stated he just had too much to drink and did not know why he broke into the building.

Detective Sgt. Charles Coulardot of the Fort Wayne Police Department testified that he found two windows broken at Rice Oldsmobile when he investigated, but that they were unable to discover if anything in the building was disturbed or missing.

Mr. Donald Rice also testified that he was the leasor of the

building known as Rice Oldsmobile and that on the date of the incident he did not know appellant nor did he give appellant permission to be on the premises at the time of the night.

It is well established that on appeal this Court will not weigh the evidence nor resolve questions concerning the credibility of witnesses. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. We must, however, insure that the State sustain its burden of proof on each and every material element of the crime charged, and that these elements be supported by substantial and probative evidence. *Buchanan* v. *State* (1972), 258 Ind. 112, 279 N. E. 2d 576; *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N. E. 2d 703. Under the statute and affidavit we are concerned with here, the State was required to establish two elements: (1) entry into a businesshouse; (2) intent to commit the felony of theft therein.

There is certainly ample evidence in this record to show that the appellant had entered into Rice's automobile business house without permission of the owners, but there is a lack of sufficient evidence here which would allow the inference that appellant intended to commit a felony therein. Opinions of this Court dealing with similar contentions in this context have found the evidence sufficient when there was some indication of the intruder's intention once in the building. *Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307 (missing items seen in possession of intruder); *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498 (burglary tools in pocket of intruder); *Kondrup* v. *State, supra* (intruder found with store's merchandise in his possession): *Ruggirello* v. *State* (1969), 252 Ind. 144, 246 N. E. 2d 481 (screwdriver found on intruder matched pry marks found on soda machine in building). On the other hand where the record fails to establish any facts which would allow a reasonable inference as to the intruder's specific intention we have found the evidence insufficient to sustain the conviction. *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795; *Goodloe* v. *State* (1967), 229 N. E. 2d 626; *Easton* v. *State* (1967), 248 Ind.

338, 228 N. E. 2d 6. The evidence presented at the trial in this case failed to produce any facts or circumstances which would allow us to make the necessary inference that appellant intended to commit the felony of theft as charged in the affidavit. There is no evidence that any property of Rice Oldsmobile was missing or even disturbed in any way. There is no evidence that the appellant had burglary tools or tools that could be used in a burglary attempt. There is simply a lack of indication as to what appellant was doing in the building or what he proposed to do.

The appellee urges that the flight of appellant is an indication of guilt which goes to prove the intent to commit a felony in the building. Flight under circumstances such as presented here, however, is an ambiguous gesture. It may very well indicate a consciousness of guilt or a fear of being apprehended on the part of appellant, but this fear could just as well stem solely from appellant's trespassing in Rice's building as it could from his alleged intention to steal property from Rice. Flight does not by itself lend sufficient substance to the necessary element that appellant's intention in being in the building was a theft of property contained there.

Similarly the presence of a pistol or the fact that appellant was attempting to start a body shop such as Rice's cannot be deemed sufficient to meet the requirement of substantial proof that appellant had broken into the building with intention to steal certain items located there. Evidence such as this may provide suspicion of his intention or an opportunity or possible motive for a theft but mere suspicions or opportunities are not sufficient to satisfy our requirement of substantial proof on each element of the charge. *Crawford* v. *State, supra.*

As was stated above there are two necessary elements to this crime and the proof of just one of them cannot be deemed sufficient as to the other.

"We must look to the evidence other than that concerning the breaking and entering alone to determine if there was sufficient evidence to show an intent to commit a felony." 250 Ind. at 323.

If the Legislature had intended to punish a breaking and entry by itself, as we have here, they would have added the second element of specific intent. A reading of the statute clearly indicates that both elements are included. Circumstances such as flight, the carrying of pistols or possible motives do not sufficiently demonstrate the intention to commit the felony of theft in the Rice building. They are ambiguous as to this element or at most raise suspicions of appellant's intentions. They do not, however, meet the required level of proof.

Judgment reversed with instructions to discharge appellant.

Hunter and Prentice, JJ., concur; Arterburn, C.J., Givan, J., dissent without opinion.

NOTE.—Reported in 292 N. E. 2d 594.