M. J. McMULLEN *v.* STATE OF INDIANA.

[No. 2-873A175. Filed March 5, 1975.]

334

*Robert Graves, Glickfield and Graves,* of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—Appellant (McMullen) was charged by affidavit with breaking and entering a tavern with intent to commit theft (second degree burglary), was convicted after trial by jury, and was sentenced to an indeterminate term of two to five years. He contends that the evidence was insufficient to prove the felonious intent essential to the crime of burglary or that he was an accessory to the breaking and entering by others.

We affirm.

All evidence concerning the alleged offense was introduced by the State, McMullen's only evidence being testimony tending to impeach the State's witness Jones, a participant in the breaking and entering who testified in exchange for a dismissal of charges against him.

That evidence shows that at approximately 4:30 A.M. on the 26th day of May the Marion Police Department heard voices over a sound system type of burglar alarm connecting police headquarters with a tavern, and sent patrol cars to the scene. The first car to arrive found McMullen, whose car was in the parking lot, walking outside the building. He stopped on request. While he was being questioned an unidentified man came out of the side door to the tavern, saw the police,

and fled. Examination of the tavern disclosed a third man, Jones, sleeping in the restroom. The padlock had been pried off the side door of the tavern and the door (also locked with a second lock) had been pried open. Various back bar items (straws, stirrers, cigar boxes, bandaids) were lying on the floor behind the bar. Nothing was missing from the tavern. The coin receptacles on various coin operated machines, the approximately 150 bottles of whiskey behind the bar, and ten dollars in pennies left in an open cash register drawer were all undisturbed, but the castered cart, on which the register rested (between a beer cooler and a similar fixture) had been rotated slightly to the right (clockwise).

Jones testified that he and appellant had been drinking heavily since the morning before and that they had been joined in the afternoon on by a man unknown to Jones but to whose presence he had no objection, since the stranger was buying the drinks. Prior to the parking of the car (a block or more distant from the tavern) there had been no talk about the tavern. He was unsure whether McMullen got out of the car when he and the stranger did. They walked around the tavern a little while, then he and the stranger just pushed the side door open and went in. As far as he knew appellant was never in the tavern prior to the arrival of the police, and that once inside all he, Jones, did was go to the restroom and go to sleep. Jones never did testify as to the reason either he or the stranger, or both, entered the tavern.

Under the affidavit herein and the statute defining second degree burglary the State was required to establish by substantial evidence of credible value three elements: (1) a breaking and entering into the tavern by appellant or his principal; (2) that the structure entered was not a place of human habitation; (3) that the entry by appellant or his accomplice was with intent to commit theft therein.[1]

---

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701(b) (Burns 1956 Repl.); *Brown* v. *State* (1951), 229 Ind. 470, 474, 99 N.E.2d 103; *Easton* v. *State* (1967), 248 Ind. 338, 342, 228 N.E.2d 6; *Faulkner* v. *State* (1973), 260 Ind. 82, 292 N.E.2d 594, 595.

By both direct and circumstantial evidence the State has clearly established that Jones and the stranger unlawfully broke and entered into the non-inhabited tavern. There is also circumstantial evidence which is both substantial and probative, which is sufficient to sustain the court's implied finding that they entered with such intent. As has often been held, intent may be inferred from circumstances that legitimately permit that inference. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N.E.2d 502.

The circumstances which here justify the inference that the entry was with intent to steal are:

1. The presence of McMullen and his automobile outside the closed tavern and of Jones and the stranger inside, at 4:30 A.M.

2. The fact that the automobile was originally parked a block or more away and then moved to the tavern's parking lot.

3. The fact that Jones testified that all three got out of the car and walked around the tavern before he and the stranger entered it.

4. The fact that there were pry marks on the door and the padlock (with which the door had been locked) was lying on the ground.

5. The fact that items which at closing were underneath the cash register were found lying on the floor.

6. The fact that the cash register was found in a slightly different position than at closing.

7. The flight of the stranger.

8. That when the police arrived McMullen was walking from the direction of the pried open door.

These objective circumstances would justify the jury in drawing the inference that Jones and the stranger and Mc-Mullen first surveyed the premises and then used a burglar type prying tool to forcibly break open the door by which they entered the premises with intent to steal and ransacked the counters behind the bar most likely to yield items of value,

strewing the floor with straws, light bulbs, band aids, cigar boxes, etc., and moving the cash register. And that when the police arrived McMullen had just emerged from the tavern via the pried open door.

A reasonable inference of intent to take something of value has been found to support convictions in comparable cases. In *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N.E.2d 703, the defendant was observed with the stolen merchandise while still inside the building. In *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498, burglary tools were found in the pocket of the defendant, and in *Ruggirello* v. *State* (1969), 252 Ind. 144, 246 N.E.2d 481, a screwdriver was found on the defendant which matched the pry marks on the burglarized soda dispenser.

This case is distinguishable from *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6, and *Faulkner* v. *State* (1973), 260 Ind. 82, 292 N.E.2d 594, in that there are numerous indicators of McMullen's intent to steal.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.