OLIVER ANDREW MORRIS *v.* STATE OF INDIANA.

[No. 2-375A73. Filed November 5, 1975.]

*James A. Neel,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Alden,* Deputy Attorney General, for appellee.

PER CURIAM—The sole issue presented by Appellant Oliver Morris upon this appeal is whether the evidence is sufficient to support his conviction for second degree burglary.[1]

On the night of July 8, 1974 and during the early morning hours of July 9, 1974, Morris was present at a recreational facility owned and operated by Zell Cross. The facility included a gun club, several fishing lakes and a retail business for the sale of fishing tackle and sporting goods. Approximately fifteen to twenty persons had been granted permission to utilize the fishing facilities on the night of July 8. There was apparently no time limitation upon the exercise of those fishing privileges. Morris was among those authorized to fish upon this occasion. He had on many previous occasions used the fishing facilities and knew the nature of Zell's business operation. Morris had frequently been inside the "bait shop" which the owner used for his retail sales operation and where rifles and shotguns were kept in a gun rack for sale purposes. The bait shop was secured at approximately 9:00 P.M. and was undisturbed at midnight when checked by the night watchman.

At approximately 3:30 A.M. the morning of July 9, the owner heard noises in or at the bait shop through an open microphone system between the bait shop and the owner's bedroom and which system was used as a burglar alarm. The owner alerted the watchman who investigated and saw Morris exiting from the back door of the bait shop. A hole had been cut in the door beneath the lock. Approximately fif-

---

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701(b) (Burns 1956).

teen to seventeen shotguns, or shotguns and rifles, were strewn around, some outside the structure. Morris was detained by the owner and the watchman until police officers arrived and effected an arrest.

The evidence above recited, together with the reasonable inferences capable of being drawn therefrom, was sufficient to support the conviction. *Windle* v. *State* (1974), 161 Ind. App. 322, 316 N.E.2d 388; *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73; *Parsons* v. *State* (1973), 159 Ind. App. 160, 304 N.E.2d 802; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459.

That Morris was not actually in physical possession of property from the bait house when first observed exiting through the back door does not alter our conclusion. *Chappell* v. *State* (1972), 258 Ind. 537, 282 N.E.2d 810; *McMullen* v. *State* (1975), 163 Ind. App. 333, 324 N.E.2d 162; *Atkins* v. *State, supra; Wilson* v. *State* (1973), 157 Ind. App. 648, 301 N.E.2d 392; *Sargent* v. *State, supra.*

Judgment affirmed.

NOTE.—Reported at 336 N.E.2d 707.