William E. BASHAM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 680S171.

Supreme Court of Indiana.

July 8, 1981.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of murder, Ind.Code § 35–42–1–1 (Burns 1979), and was sentenced to a prison term of sixty (60) years. The following issues are raised in this direct appeal:

(1) Whether the trial court erred in denying the defendant's motion to dismiss.

(2) Whether the trial court erred in granting the State's motion *in limine.*

(3) Whether the trial court erred in admitting into evidence the defendant's confession.

(4) Whether the trial court erred in admitting into evidence certain exhibits.

(5) Whether it is constitutionally permissible to place the burden of establishing insanity upon the defendant.

(6) Whether the trial court erred in giving a certain final instruction.

(7) Whether the trial court erred in refusing two (2) of the defendant's tendered final instructions.

(8) Whether the trial court erred in considering certain factors as aggravating circumstances.

## ISSUE I

Prior to trial, the defendant moved to dismiss the charge against him on the ground, *inter alia,* that the sentencing provisions of the Indiana Code allow the imposition of arbitrary penalties. The motion was denied and the defendant assigns error to that ruling. In support, he cites *Furman v. Georgia,* (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, for the proposition that the sentencing authority must follow adequate guidelines. Further, he contends that Indiana's sentencing scheme permits disparate sentences because there is no indication of the exact number of years a defendant will serve if one or more aggravating circumstances are found. Defendant's reliance on *Furman* is misplaced, and the contention is without merit.

In *Furman,* the Supreme Court of the United States recognized the need for adequate guidelines in death penalty cases. The case now before us is not such a case. Second, while there are some guidelines present in the sentencing provisions of the Indiana Code, *see, e. g.,* Ind.Code § 35–50–1A–7 (Burns 1979), a degree of flexibility is necessary so that the trial court can shape the sentence to fit both the crime and the criminal. Finally, even if the sentence enhancement statutes were deemed unconsti-

tutional, they would be severable and the presumptive sentence would obtain. Perforce, the trial court did not err in denying the defendant's motion to dismiss.

## ISSUE II

■ Also prior to trial, the defendant sought the court's permission to examine the prospective jurors on *voir dire* concerning the post trial procedures and disposition to be made in the event of a verdict of not guilty by reason of insanity. The trial court denied its permission and the State moved *in limine* to preclude the defendant from bringing forth such matters. The trial court granted the State's motion and the defendant contends this was error because a jury, uninformed of the post trial procedures in an insanity case, is being invited to speculate on what will ultimately happen to the defendant. We find that the trial court acted properly.

We have recently held that it is not error for a trial court to refuse a defendant's tendered instruction on the post trial procedures in an insanity case. *Tyson v. State*, (1979) Ind., 386 N.E.2d 1185; *Malo v. State*, (1977) 266 Ind. 157, 361 N.E.2d 1201. The reason for this is that such matters are not for the jury's consideration, whose sole function is to determine the guilt or innocence of the defendant.

## ISSUE III

Again prior to trial, the defendant moved to suppress the introduction of his confession into evidence. Following a full evidentiary hearing, the trial court denied the motion. At trial, the State proffered the confession, the defendant objected and the trial court overruled the objection and admitted the confession into evidence. Defendant asserts that the trial court was in error for two reasons: 1) that he was under the influence of liquor and drugs when the confession was made; and 2) that the confession was a product of promises of leniency and psychiatric treatment. Neither facet of the assertion has merit.

"It is the State's burden to prove, beyond a reasonable doubt, that the defend-

ant voluntarily and intelligently waived his rights and that the defendant's confession was voluntarily given. In considering whether the burden was satisfied we look at the totality of circumstances to determine whether there was any inducement by way of violence, threats, promises or other improper influence. However, in reviewing the trial court's ruling upon the issue, we will consider only the evidence which supports that ruling, when the evidence is in conflict, as well as any unrefuted evidence in the defendant's favor." *Jackson v. State*, (1980) Ind., 411 N.E.2d 609, 610–11 (citations omitted).

■ As to the first facet of the assertion, at the suppression hearing, Defendant testified that he had consumed both alcohol and drugs on the day he confessed. However, a police officer, who witnessed the confession, testified that the defendant did not appear to be intoxicated or under the influence of drugs when he confessed. The officer's testimony was corroborated at trial by the testimony of another officer who had spoken with the defendant when he first arrived at the police station, as well as by the testimony of a woman related by affinity to the defendant, who spoke with him immediately prior to his going to the police station on the night of the confession. Such evidence clearly supports the ruling of the trial court. See *Jackson*, 411 N.E.2d at 611; *Feller v. State*, (1976) 264 Ind. 541, 544–45, 348 N.E.2d 8, 12–13.

As to the second facet of the assertion, Defendant contends that while there were "no direct and absolute promises" made by the police, there was an "implied promise" that he would receive proper psychiatric treatment if he agreed to give a statement.

In *Ashby v. State*, (1976) 265 Ind. 316, 320, 354 N.E.2d 192, 195, we recognized the constitutional principle that a confession is inadmissible when it is obtained by a promise of immunity or mitigation of punishment. However, the facts of that case were that the officer induced appellants to confess to the crime by his direct representation to them that, by confessing, they

would be able to secure a 'ten flat' sentence instead of a life sentence. *Id.* at 321, 354 N.E.2d at 196. The facts of this case present an altogether different picture; the investigating officer merely informed the defendant that, if asked to testify, he would state his belief in the defendant's mental illness, and that he would seek psychiatric aid for him. We can not say that these "vague and indefinite" representations induced the confession. *See Harrison v. State,* (1978) 269 Ind. 677, 382 N.E.2d 920, *cert. denied,* (1979) 441 U.S. 912, 99 S.Ct. 2010, 60 L.Ed.2d 384; *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. Accordingly, the trial court did not err in admitting it into evidence.

## ISSUE IV

The defendant's contention is premised upon the supposition that his confession was inadmissible in evidence. That issue having been determined to the contrary, there is no basis for this assignment.

## ISSUE V

Defendant submits that it is unconstitutional to place the burden of establishing insanity upon him. The submission is dual-pronged: first, that it is a violation of due process to place the burden upon him; and second, that it is a denial of equal protection to place the burden upon him.

■ In the recent case of *Price v. State,* (1980) Ind., 412 N.E.2d 783, we determined that Ind.Code § 35–41–4–1(b) (Burns 1979), which places the burden of establishing insanity upon the defendant, does not constitute a violation of due process. There is no basis for departing from that holding. *See Norris v. State,* (1981) Ind., 419 N.E.2d 129.

■ With regard to Defendant's contention that the statute denies him the equal protection of the law under both the State and Federal Constitutions, the burden is upon the challenger to overcome the presumption of constitutionality, and all doubts are resolved against a charge of unconstitutionality. *Sidle v. Majors,* (1976) 264 Ind. 206, 341 N.E.2d 763. Defendant has cited no authority in support of his argument that to require the State to prove his sanity, as an element of the crime, is "unarguably a fundamental right," and that, accordingly the distinction between the insanity defense and other defenses can be upheld only if justified by a compelling state interest.

Defendant has cited no authority to support his "fundamental rights" claim, and we are of the opinion that he is in error. Although due process of law does embody the concept of the presumption of innocence, it does not follow that a defendant may never be encumbered with the burden of proving matters of defense. Justice Cardozo, in *Morrison v. California,* (1934) 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664, said: "The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression." *Id.* at 88–89, 54 S.Ct. at 284, 78 L.Ed. at 669.

Sanity is the norm, insanity the exception. When the *mens rea* has been logically inferred from the circumstances of the crime, to such an extent that it could be found therefrom beyond a reasonable doubt, but the defendant seeks to avoid responsibility therefor by reason of a lack of or diminished mental capacity, we see no oppression in requiring him to carry the burden of proof. This is particularly true in view of his superior position to present evidence upon the issue. Thus we think that there is a fair and substantial relationship between the distinction complained of and the object of the legislation.

## ISSUE VI

The defendant next contends that the trial court erred in giving final instruction number eight, which dealt with voluntary intoxication. The instruction was a mere statement of the statutory provisions on intoxication, as a defense, and advised that

voluntary intoxication is a defense only to the extent that it negates specific intent. Defendant asserts that the instruction was misleading and confusing because it led the jury to believe that voluntary intoxication bore upon specific intent alone, *i. e.* that it could not be considered as affecting the defendant's capacity to appreciate the wrongfulness of his actions or his ability to conform his conduct to the law. The contention is without merit.

■ Although the defendant had not tendered an instruction upon intoxication, as a defense, evidence had been presented to the effect that he had, on the day of the crime, ingested approximately twelve bottles of beer and one-half ounce of marijuana. In view of that evidence, a reasonable inference could have been drawn that the defendant had been intoxicated, and the State was entitled to the instruction. On the other hand, there was no evidence that the defendant suffered a mental illness attributable to alcohol or drug ingestion. *See generally Jackson v. State*, (1980) Ind., 402 N.E.2d 947. Hence there was no basis for the giving of a special instruction concerning that malady.

## ISSUE VII

■ Defendant contends that the trial court erred in refusing his tendered final instructions numbers seven and eight. Number seven dealt with the meaning of the term "preponderance of the evidence," and was the standard instruction thereon. However, the substance of it was covered by final instruction number five. Therefore, no error has been demonstrated. *See, e. g., Tolbert v. State,* (1979) Ind., 391 N.E.2d 823.

■ Tendered final instruction number eight dealt with the resolution of conflicting evidence pertaining to Defendant's sanity. The instruction did not correctly state the law as it implied that the State bears the burden of proving the defendant's sanity. *See* Issue V, *supra.* The trial court did not err in refusing it. *See, e. g., Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202.

## ISSUE VIII

Defendant's final contention relates to sentencing. He asserts that the trial court erred in relying upon certain matters so as to enhance the presumptive sentence for murder from forty (40) years imprisonment to sixty (60) years imprisonment. *See* Ind. Code § 35-50-2-3 (Burns 1979). The announced reasons in support of the enhanced sentence were:

(1) that the defendant "cruelly and brutally" murdered his great-aunt, who was seventy-five years old;

(2) that the defendant, either before or after the murder, "carnally assaulted" the victim; and

(3) that the defendant, on the day he surrendered to the police, followed an employee of the court "with the avowed intention of killing and murdering."

Defendant submits that the enumerated factors are not contained within Ind.Code § 35-50-1A-7(c)-(d) (Burns 1979) and that he has never been charged with or convicted of the conduct embodied in reason number three.

■ As stated in Issue I, *supra*, a degree of flexibility is necessary in sentencing, so that the penalty fits both the crime and the criminal. Nonetheless, in this case the trial court did not have to rely upon Ind.Code § 35-50-1A-7(d) (the "catch-all" sentencing provision) in enhancing the defendant's sentence. Ind.Code § 35-50-1A-7(a) provides: "In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person." Reasons numbers one and two relate to the "nature and circumstances of the crime committed, and reason number three relates to the "risk that the [defendant] will commit another crime." Further, reason number one fits squarely within Ind.Code § 35-50-1A-7(c)(5): "The court may consider these factors as aggravating circumstances . . . [t]he victim of the crime was

sixty-five [65] years of age or older." We find no error in the court's having regarded these factors as aggravating circumstances.

We find no reversible error. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.