**Larry B. FARINA, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 182S7.

Supreme Court of Indiana.

Feb. 17, 1983.

William T. Enslen, Robert M. Mirkov, Enslen, Enslen & Matthews, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This cause is before us upon the trial court's statement of reasons for having enhanced the basic or presumptive sentence of ten (10) years, filed in response to our remand of December 28, 1982. *Farina v. State,* (1982) Ind., 442 N.E.2d 1104, 1106. The trial court has stated its finding of aggravating circumstances in conformity with *Page v. State,* (1981) Ind., 424 N.E.2d 1021 as follows:

"(1) The Defendant has recently violated the condition of parole granted him by the State of Nevada by escaping from a work release program in 1978.

"(2) The Defendant has a history of criminal activity as follows: As a Juvenile, 1958-Parole Violation, 1960-Escape from youth camp. As an Adult, 1962-Violation of Federal Dyer Act, 1964-Escaped Federal Prisoner, 1968-Burglary, 1970-Auto Theft, 1971-Auto Theft, 1972, Burglary, 1973, Theft, 1975-two (2) counts of Burglary, 1977-Burglary and 1978 Escape.

(3) The Defendant is in need of correctional and rehabilitative treatment that can best be provided by his commitment to a penal institution for the reason that the Defendant has been free on the streets for only two (2) years since 1955 to the date of Sentencing and most of

that two (2) years was as an escapee and that imprisonment has had no deterrent effect."

This statement of reasons contains specific facts which support the trial court's legal conclusion that the record discloses aggravating circumstances which justify an enhanced sentence. It adequately informs the reviewing court and the Defendant that his sentence is not manifestly unreasonable in light of his record. The judgment of the trial court is now affirmed in all respects.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.