Bruce Anthony RICHARDSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1179S329.

Supreme Court of Indiana.

April 14, 1983.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This cause is before us upon the trial court's statement of reasons for having or-

dered a consecutive sentence, filed in response to our remand of December 22, 1981. *Richardson v. State,* (1981) Ind., 429 N.E.2d 229, 232. In response to the order, Defendant filed a Motion to Correct Errors, which raises two issues:

(1) Whether the trial court, who had neither tried the case nor imposed the sentence, erred in assuming jurisdiction upon our remand to carry out the mandate of this Court.

(2) Whether the trial court's statement of aggravating circumstances is adequate to support imposition of a consecutive sentence.

\* \* \* \* \* \*

## ISSUE I

Defendant was sentenced to a total of twenty (20) years imprisonment upon convictions for five (5) counts of Robbery. The trial court imposed a ten year term of imprisonment per count with the term upon Count V to run consecutively to the concurrent terms imposed upon Counts I through IV. Prior to this Court's final disposition of Defendant's appeal, the judge, Judge Hall, who had imposed the original sentence, retired from the bench. Judge Hall's successor, Judge Hunt, following our remand, held a hearing at which Defendant objected to his assumption of jurisdiction. He argued that the judge, who had imposed the original sentence, should enter any statement of aggravating circumstances. Judge Hunt agreed, but found that Judge Hall was "not available," see Ind.R.Tr.P. 63(A), to perform this task. From the record, it appears that counsel did not contest this finding:

"BY MR. LOCKWOOD, COUNSEL FOR DEFENDANT: Your Honor, we would contend respectfully first of all that— uh—*Judge Hall, who has retired and is not available now to do this,* is the proper person, we say this with, of course, I hope the Court knows no disrespect to your Honor, but we believe that the term—the Court—as used in Indiana Code 35–4.1– 4–3 would—uh which would be 35–50– 1(A)–3 in Burns of 1979, should be interpreted to mean the Judicial officer who

presided at the trial and the sentencing. \* \* \*." R. at 15. (Emphasis added).

■ We agree with the general proposition that, after a remand for an adequate statement of aggravating circumstances to support an enhanced sentence, the judge who imposed the sentence should enter any subsequent orders. However, this case turns upon the facts and not the law. The record is devoid of anything to show that Judge Hall was either available or willing to carry out the order of this Court. Consequently, under Trial Rule 63(A) Judge Hunt properly assumed jurisdiction.

## ISSUE II

Judge Hunt stated on the record that he had read the transcript of the trial and had considered the presentence investigation report. He then confirmed Judge Hall's sentence for the following reasons:

"1. That the defendant has a history of criminal activity including a conviction for first degree burglary in Indianapolis, Indiana on November 1, 1976, and a conviction for possession of heroin in Indianapolis, Indiana on February 20, 1979; and

"2. That the defendant was on probation for his conviction of possession of heroin at the time of the arrest in this cause and thereby violated the terms of such probation." R. at 26.

■ Defendant first argues that finding No. 2 is inaccurate, claiming that he was free on an appeal bond. Even if the finding is inaccurate, as alleged, if the other finding constitutes an adequate statement of an aggravating circumstance, there is no error. *Forrester v. State,* (1982) Ind., 440 N.E.2d 475, 487; *McNew v. State,* (1979) Ind., 391 N.E.2d 607, 612. Consequently, Defendant also argues that the findings are too conclusory to comply with our decision in *Page v. State,* (1981) Ind., 424 N.E.2d 1021. We do not agree. The trial court may rely upon the defendant's history of criminal activity to enhance a sentence. Ind.Code § 35–4.1–4–7(c)(2) (35–50–1A– 7(c)(2) (Burns 1979)). In this case the trial court has set out Defendant's criminal rec-

ord in sufficient detail to comply with the requirements of *Page v. State, supra. Farina v. State,* (1983) Ind., 445 N.E.2d 84 (opinion after remand); *Reed v. State,* (1982) Ind., 441 N.E.2d 441.

 Defendant also faults the trial court for having failed to consider assertedly mitigating circumstances, i.e., his youth (he was twenty years old at the time of the offenses) and that he testified against accomplices even though a plea bargain agreement, which contemplated one sentence of ten years imprisonment, had been rejected by the trial court. The record does not reveal whether Defendant's cooperation was made known to Judge Hall at the time the sentence was originally imposed. If the circumstances arose after the imposition of sentence, it would not be relevant. *Warthan v. State,* (1983) Ind., 443 N.E.2d 1191 (opinion after remand). Moreover, the trial court determines the weight to be given to aggravating and mitigating circumstances and then increases or decreases the sentence accordingly. *McManus v. State,* (1982) Ind., 433 N.E.2d 775, 779. Under this scheme when the stated aggravating circumstances are adequate to support an enhanced sentence, we will not assume that the trial court overlooked or failed to consider circumstances that the defendant claimed were mitigating, simply because it failed to itemize them; although it is to be preferred that the contentions of the defendant be acknowledged in sufficient detail as to reveal that they were taken into account. In the final analysis, however, under Ind.R.App.Rev.Sen. 2, we are not authorized to revise a sentence unless it is manifestly unreasonable; and assuming that mitigating allegations of Defendant were true and found by the trial court to be true, the weight to be given to them in fixing the sentence, nevertheless, lay in its discretion. For us to say that mitigating circumstances were not accorded proper weight would be to usurp the authority of the trial court.

Defendant did not challenge the accuracy of the findings concerning information about the existence of his prior convic-

tions. *Bergdorff v. State,* (1980) Ind.App., 405 N.E.2d 550, 555. His sentence is not manifestly unreasonable in light of his criminal record. Ind.R.App.Rev.Sen. 2.

The judgment of the trial court is now affirmed in all respects.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.