Gary **BEARD**, Appellant (Defendant Below),

v.

**STATE of Indiana,** Appellee (Plaintiff Below).

No. 282S47.

Supreme Court of Indiana.

May 23, 1983.

Rehearing Denied July 13, 1983.

James G. McDonald, Jr., Princeton, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Attempted Burglary, Ind.Code § 35–41–5–1; § 35–43–2–1 (Burns 1979), and sentenced to twenty (20) years imprisonment. This direct appeal presents the following issues:

(1) Whether it was fundamental error for the trial court to allow a witness whose name was not endorsed upon the information, to testify at trial.

(2) Whether the evidence was sufficient to sustain a finding that Defendant was the perpetrator of the crime charged.

(3) Whether the sentencing criteria for enhancement of sentences by reason of aggravating circumstances, Ind.Code § 35–4.–1–4–7(c) (35–50–1A–7(c) (Burns 1979)), are unconstitutionally vague and overly broad.

(4) Whether the trial court erred in considering Defendant's expunged juvenile record in determining whether or not the presumptive sentence should be enhanced.

(5) Whether the trial court erred in considering Defendant's prior uncounseled juvenile adjudications in determining whether or not the presumptive sentence should be enhanced.

\*      \*      \*

**1080** ■

## ISSUE I

■ Defendant first contends that, over his objection, the State called, as a witness at trial, one Richard "Dick" Ballard, whose name had not been listed upon the information, to establish the ownership of the dwelling which Defendant had attempted to burglarize. We are at a virtual loss to understand Defendant's argument. The information lists a "Herb Ballard," and at ·trial "Herbert Ballard," whose address was the same as that shown upon the information for "Herb Ballard," testified that he is also known as "Dick." R. at 158. Defendant makes no claim that he was misled or surprised. Additionally, although he faults the trial court for failing to grant a continuance, the record shows that he never requested one and that he cross-examined witness Ballard in a manner suggesting his prior familiarity with the witness' expected testimony.

## ISSUE II

■ In challenging the sufficiency of the evidence, Defendant acknowledges that he was near the scene of the crime with a hammer shortly after its occurrence. He overlooks, however, the totality of the circumstantial evidence, that is, his presence near the scene only moments after the event, with an object which could easily have broken the window involved, accompanied by the manner in which he was apprehended.

The evidence most favorable to the State reveals that in Princeton, at about 4:00 a.m., Herbert Ballard was awakened by the sound of breaking glass. He discovered a broken back porch window and summoned the police. Officer Hardiman responded, interviewed Mr. Ballard, and, as he was returning to his squad car, espied something moving nearby in the backyard next to the Ballard residence.

"Q. Okay, what did you do in response to that?

"A. I run around the other side and jumped in the squad car and took off. I was sitting about fifty to seventy-five feet or so from Christian Street, which is south of where I was parked. As I turned the corner going back west on Christian Street, I seen an individual run across the street. I turned the spotlight on and hit him with the spotlight, he turned his head back to the left like this and looked toward me, and at that time I recognized him as being Gary Beard." R. at 178.

Defendant, perhaps believing he had not been spotted, then attempted to hide behind a tree where he had left his bicycle and was arrested immediately thereafter by Officer Hardiman. An additional witness testified that at about 3:45 a.m. that morning, he had seen the defendant riding his bicycle at an intersection less than two blocks from the Ballard residence.

Contrary to Defendant's argument, his presence near the scene is not "unexplained." In *Clayton v. State*, (1976) 170 Ind.App. 689, 692–93, 354 N.E.2d 338, 340–41 (trans. denied), upon which Defendant relies, the Court recognized, from a review of precedents of this Court, that, upon a charge of Burglary, otherwise ambiguous circumstantial evidence of the intent of the intruder may be rendered unambiguous by the additional circumstance of flight or the possession of burglar's tools. Under *Clayton,* and cases cited therein, the mere presence nearby of the defendant, with a hammer in his hand, shortly after the breaking of a window, would not be sufficient evidence to sustain a conviction for Attempted Burglary; however the uncontradicted evidence of Defendant's contemporaneous flight from the police is evidence of a consciousness of guilt and when the previously mentioned evidence is considered in its light, the sum total rises to more than a mere suspicion of guilt and adequately supports a finding of guilt beyond a reasonable doubt. *See Lisenko v. State*, (1976) 265 Ind. 488, 490–91, 355 N.E.2d 841, 843; *Bailey v. State,* (1982) Ind.App., 438 N.E.2d 22, 23–24 (trans. denied).

## ISSUE III

■ Defendant next contends that Ind. Code § 35–4.1–4–7(c) (35–50–1A–7(c)

(Burns 1979)) is unconstitutionally vague and overly broad. Specifically, he urges the term "prior criminal history" is too vague to operate as an aggravating circumstance. He makes unsupported assertions that the statute does not adequately apprise the trial court of what it may consider when imposing a sentence, thereby assertedly providing "carte blanche" authority to disregard the basic or presumptive sentence.

The actual gist of his complaint is that the trial court assertedly considered, as one aggravating circumstance, a then pending unrelated charge of Rape of which Defendant was eventually acquitted. We need not address any of these contentions, because the trial court noted several aggravating circumstances: the intended victim, Mr. Ballard, was seventy-three (73) years of age; the other potential victims, Mr. Ballard's four children, present at the time, were retarded; the Defendant had a prior felony conviction, a pending Rape charge, and a lengthy juvenile record, all supported by the Presentence Investigation Report. There being alternative bases for the enhanced sentence noted in the record, Defendant has not shown that he merits relief, that is, that had the trial court not relied upon the assertedly vague and overly broad statutory provisions, the sentence was not otherwise supported by constitutionally valid criteria. See Richardson v. State, (1983) Ind., 447 N.E.2d 574 (Opinion after remand, at 3); Forrester v. State, (1982) Ind., 440 N.E.2d 475, 487; McNew v. State, (1979) Ind., 391 N.E.2d 607, 612. Moreover, the term "prior criminal history" is adequately specific to apprise any mentally competent accused that the trial court may consider a prior felony conviction, as occurred here, as a factor favoring an enhanced sentence. There is no merit to Defendant's assignment of error. Landrum v. State, (1981) Ind., 428 N.E.2d 1228, 1232; Basham v. State, (1981) Ind., 422 N.E.2d 1206, 1207–08.

### ISSUES IV & V

Defendant's last two issues challenge the trial court's reliance upon his juvenile record, as an aggravating circumstance, because the record contains dispositions ordered expunged and uncounseled dispositions. Again, we need not consider the merits of these arguments. Defendant does not challenge the existence of his prior felony conviction or that the victim was over sixty-five years of age. Consequently, even if the trial court did erroneously consider matters, such as an uncounseled juvenile disposition, see Baldasar v. Illinois, (1980) 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (per curiam), in support of the enhanced sentence, the circumstances that are clearly allowed to be regarded as aggravating are adequate to sustain the imposition of the enhanced sentence. Richardson, supra; Forrester, supra; McNew, supra. Defendant has not demonstrated that he is entitled to any relief upon these issues.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs and dissents with opinion.

DeBRULER, Justice, concurring and dissenting.

Upon consideration of the evidence tending to support the verdict of guilty, I would agree that it is sufficient. The broken glass from the porch window was found on the inside of the house, and the hole was broken immediately above the window lock. When appellant was arrested he held a hammer in his hand which the arresting police officer required him to drop. These additional facts coupled with those recited in the majority opinion are sufficient to convince me that the jury could conclude that appellant broke the window with the intent to enter and steal.

I cannot, however, agree that the enhancement of a basic ten year sentence to the maximum of twenty years would necessarily result if the aggravating circumstances were limited to the single felony conviction for delivery of hashish, the pending rape charge, and the age and retarded character of the victims. The pre-sentence investigation reveals that appellant success-

fully completed his parole following the drug conviction, that the rape charge was not brought until at least two years after the alleged attack, and the children of the seventy-three year old owner of the house broken into were adults between twenty and thirty-seven years of age, and there is nothing to disclose the level of any impairment. I regard the juvenile court judgment ordering appellant's juvenile record to be destroyed as entitled to its natural force, which is to preclude the use of that record to enhance a subsequent criminal penalty, and while the remaining valid factors favor some enhancement beyond the basic term, I am unable to conclude as does the majority, that they adequately sustain the imposition of the maximum twenty years permissible under the sentencing statute. I am therefore voting to remand this case for a new sentencing hearing from which the prior juvenile record will be excluded from consideration.