Derry VAUGHN, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–581A135.

Court of Appeals of Indiana,
Fourth District.

Sept. 29, 1981.

Rick L. Jancha, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee-defendant.

CHIPMAN, Presiding Judge.

Derry Vaughn is appealing his conviction by a Saint Joseph Superior Court jury for attempted theft, Ind.Code 35–41–5–1 and Ind.Code 35–43–4–2(a). Vaughn contends the trial court erred in refusing to give a jury instruction on the defense of abandonment and the verdict was not supported by sufficient evidence.

We affirm the conviction.

## ISSUES

Vaughn presents two issues for appeal:

1) Was there sufficient evidence to show Vaughn intended to commit theft and took substantial steps toward commission of the crime? and

2) Did the trial court err in refusing to give the following jury instruction:

"There was in full force and effect in the State of Indiana on the 27th day of June, 1980, a statute defining the defense of Abandonment. Abandonment is defined as follows:

'With respect to a charge of Attempt, it is a defense that the person who engaged in the prohibited conduct voluntarily abandon his effort to commit the underlying crime and voluntarily prevented its commission.' "?

## I. SUFFICIENCY OF EVIDENCE

▅▅▅▅ Vaughn first contends the evidence tending to show he took substantial steps toward a theft was insufficient. Our Ind.Code 35–41–5–1 defines attempt as follows:

"(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.

(b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted."

Ind.Code 35–43–4–2(a) provides the pertinent definition of theft as follows:

"A person who knowingly or intentionally exerts unauthorized control over property of another with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

In determining the question of sufficiency, we do not weigh the evidence nor resolve questions of credibility but look only to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable jury could infer the defendant was guilty beyond a reasonable doubt. *Neice v. State*, (1981) Ind., 421 N.E.2d 1109, 1111. Circumstantial evidence need not overcome every hypothesis of innocence; rather, we must find only that an inference could be reasonably drawn from the evidence which would support the jury's finding. *Hall v. State*, (1980) Ind., 405 N.E.2d 530, 535; *Harris v. State*, (1981) Ind.App., 416 N.E.2d 902. Only if we determine a reasonable person could not have drawn these essential inferences from the evidence presented, is the evidence insufficient as a matter of law. *Lottie v. State*, (1974) 262 Ind. 124, 311 N.E.2d 800.

The evidence in a light most favorable to the State is as follows:

Linda Myers, manager of Gantos women's clothing store in South Bend, noticed Vaughn making downward gestures with his hands while standing in front of a rack of skirts and blouses. Because of his unusual motions, she suspected he was shoplifting. She notified store security and signaled salesperson Barbara Johnson to investigate. The two women approached Vaughn and saw what appeared to be a bulge in the sleeve of his suit jacket, which he had placed across the rack.

Johnson testified:

"A. Since I did not see him take the merchandise, I wanted to see if there

were any empty hangers, so I started going through the merchandise to see if I could come up with some empty hangers. I came up with two empty hangers, one of which would have held a skirt, and one held a blouse.

They came out of a grouping that was kind of a lavender purple in color.

Q. Then, what did you observe?

A. I then asked Mr. Vaughn if he had seen where this merchandise might have gone.

Q. Did he say anything to you?

A. He then saw the security guards come in, and he pulled the merchandise that I questioned him about out of his jacket.

Q. He already pulled the merchandise out of his jacket?

A. Yeah, and threw it at me.

Q. Then what did you do?

A. I grabbed the merchandise and just stood to the side while the security guards approached him."

Vaughn was arrested and charged with attempted theft.

■ To establish an attempt to commit a crime, two elements must be present: the culpability required for the crime attempted and conduct constituting a substantial step toward commission of the crime. *Neice v. State, supra; Zickefoose v. State,* (1979) Ind., 388 N.E.2d 507. Vaughn contends the concealment of clothing in his coatsleeve was not a substantial step toward the commission of theft. He suggests concealment without an attempt to flee "is merely a trivial, formal or inconsequential step toward the commission of" theft. Moreover, he contends mere concealment of the garments in his coatsleeve does not show the required element of specific intent to deprive the store of its property.

■ In Indiana, the law of attempt focuses on the substantial step the defendant has completed, not on what was left undone. *Neice v. State, supra; Zickefoose v. State, supra* at 510. What constitutes a substantial step must be determined from all the circumstances of each case, and the

conduct must be strongly corroborative of the firmness of the defendant's criminal intent. *Zickefoose v. State, supra; United States v. Mandujano,* (5th Cir. 1974) 499 F.2d 370. *See also* Annot. 54 A.L.R.3d 612 (1973) and cases cited therein.

■ Like the jury and the trial court, we believe this is a case where the defendant's conduct was patently suggestive of his purpose. Packing a store's garments into the sleeve of a jacket is a most peculiar manner of shopping. These actions were more than a trivial, preliminary step in the course of executing a theft. The preliminary steps were accomplished when he entered the store and selected the goods. We find sufficient evidence for the jury to infer it was Vaughn who stuffed the skirt and blouse into the sleeve of his jacket and that those actions were a substantial step in an attempt to commit theft. Vaughn's conduct in concealing the garments, moreover, was sufficient evidence from which the jury could have inferred his intent to deprive the store of its property. It is conduct indicative of an effort to remove the merchandise surreptitiously and his liability turns on this intent as manifested by his conduct.

## II. ABANDONMENT

■ Vaughn also contends the trial court committed reversible error by refusing his abandonment instruction. We disagree. For a defendant to validly assert the defense of abandonment it must be shown his renunciation of the criminal plan occurred both voluntarily and before the crime was completed. *Barnes v. State,* (1978) Ind., 378 N.E.2d 839; *State v. Smith,* (1980) Ind.App., 409 N.E.2d 1199. In this case the offense charged was attempted theft, which is completed "when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." IC 35–41–5–1. The offense here was completed when Vaughn hid the garments in his jacket sleeve. At that point, Vaughn attracted the attention of the store manager. It was then too late to freely and voluntarily abandon what he had attempted to do.

Vaughn contends there were inconsistencies in the trial testimony by the State's witnesses. For example, the store manager, Myers, testified her sales clerk, Johnson, removed the clothing from Vaughn's jacket, but Johnson testified Vaughn removed it himself. Investigative officer Terry Miller of the South Bend Police Department testified the women told him they had seen Vaughn put the clothing in his jacket, and in a pre-trial statement to the prosecutor, Johnson said Myers had seen Vaughn take the clothing. At trial, however, both women denied actually having seen Vaughn put the garments in his jacket. Because of these inconsistencies, Vaughn argues the record of what happened before the police arrived and how the merchandise was retrieved is unclear. He suggests there could have been a voluntary abandonment, and the jury should have been instructed on the law of abandonment.

We find no merit in Vaughn's argument. An unclear record is not evidence of abandonment. Nor is there any evidence in the record Vaughn might have voluntarily abandoned his attempt to steal the clothing. The record rather indicates he put the garments in his jacket with intent to steal them and manifested no effort to voluntarily renounce this criminal purpose before outside causes prompted his return of the clothing. [For a discussion of the conceptual problems of abandoning an attempt, see *State v. Smith, supra* ; R. Perkins, *Perkins on Criminal Law* 590 (2d ed. 1969); W. LaFave, A. Scott, *Handbook on Criminal Law,* 451 (1972); Model Penal Code § 5.01, Comment, p. 72 (Tent. Draft No. 10, 1960).]

We therefore hold the trial court properly refused an instruction which was not supported by the evidence. Having found no error by the trial court on the issues presented, we affirm.

MILLER and YOUNG, JJ., concur.