Dennis Tyrone BLOW, Appellant,

v.

STATE of Indiana, Appellee.

No. 781S187.

Supreme Court of Indiana.

March 18, 1983.

Sheila Suess Kennedy, Treacy, Cohen, Mears & Crawford, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Dennis Tyrone Blow, was found guilty by a jury in the Marion Superior Court of attempted burglary. He was subsequently found by the same jury to be a habitual criminal. The trial court accordingly sentenced Appellant to ten years imprisonment for his attempted burglary conviction to which was added thirty years for being a habitual criminal.

The following two issues are presented for our consideration in this direct appeal:

1. sufficiency of the evidence; and

2. whether the trial court erred by admitting into evidence State's Exhibits 9 and 10.

At about noon on June 25, 1980, Marion County Sheriff's Detective John Ashton was leaving the Fall Creek Apartment complex where he lived. He observed Appellant acting suspiciously and therefore watched him. As Appellant parked near a woods adjacent to the Fall Creek complex, Ashton parked a few blocks away and viewed him through binoculars. Appellant removed a tire tool and a brown cloth from his trunk and then walked through the woods and into the apartment complex. Ashton thereupon called for additional police help while continuing to observe Appellant's movements. He saw Appellant on two occasions look out a bay window by the stairway between the second and third floors of the apartment building closest to the woods. Several officers responded to Ashton's call for assistance including Deputy Richard Groves. Groves stationed himself at the back door of said apartment building. He observed Appellant at that location carrying what appeared to be a long piece of black steel. When Groves ordered Appellant to stop, Appellant ran back inside the building. Appellant was apprehended by the officers in the first floor hallway. He no longer had the tire iron but did have a brown towel in his hands. The tire tool subsequently was found behind a washing machine just inside the rear door of the apartment building. A brown thread matching the fabric of the towel which Appellant was carrying was found inside the tool. Two apartment doors on the third floor of the building had been pried open and the pry marks matched the shape of the tire iron. One of the apartments was rented by Cynthia Malinowski, who had left her door locked that morning and had not given anyone permission to enter. Ashton had checked the apartment building approximately thirty minutes earlier and had found nothing unusual at that time.

## I

■ Appellant claims that there was insufficient evidence for the jury to convict him of attempted burglary and to determine that he was a habitual criminal. On either finding, we will neither reweigh the evidence nor judge the credibility of the witnesses but rather will examine only the evidence most favorable to the State together with all reasonable inferences drawn therefrom. A verdict will not be disturbed if there is substantial evidence of probative value to support the conclusion that the defendant is guilty beyond a reasonable doubt. *Gatewood v. State,* (1982) Ind., 430 N.E.2d 781.

■ To establish an attempt crime there must be both the requisite culpability to commit a crime and conduct constituting a substantial step toward the commission of that crime. Ind.Code § 35–41–5–1 (Burns 1979); *Williams v. State,* (1982) Ind., 433 N.E.2d 769; *Zickefoose v. State,* (1979) 270 Ind. 618, 388 N.E.2d 507. The evidence in the instant case shows that Appellant was observed removing a tire iron and towel from his automobile and walking through a woods to the same apartment building where two apartment doors were contemporaneously pried open. It is apparent that when Appellant realized that the police were in pursuit of him, he tried to hide the tire iron and flee. Appellant concedes that if any of the apartments had been ransacked, there would have been sufficient evidence of an intent to commit burglary and a guilty finding of attempted burglary would have been justified. He argues, however, that there is insufficient evidence of an attempted burglary without evidence of such a disturbance. The State's position is that there can be sufficient evidence without the additional evidence of any ransacking of an apartment. In *Lisenko v. State,* (1976) 265 Ind. 488, 355 N.E.2d 841, this Court concluded that where there is an unauthorized entry in the absence of evidence that the entry was made for some legitimate purpose, a criminal intent reasonably can be inferred simply from the time, force and manner by which the entry

occurred. *See also: Kiper v. State,* 445 N.E.2d 1353 (Ind.1983); *Duncan v. State,* (1980) Ind., 409 N.E.2d 597; *Coleman v. State,* (1971) 257 Ind. 439, 275 N.E.2d 786; *Davis v. State,* (1980) Ind.App., 398 N.E.2d 704. We now hold that a person takes a substantial step towards burglary when that person approaches a dwelling with a tire iron and pries open an entry to that dwelling without the consent of the owner or other person authorized to give such consent. There was, therefore, sufficient evidence before the instant jury to show Appellant's requisite intent for attempted burglary. *See also: Meadows v. State,* (1981) Ind., 428 N.E.2d 1232; *Rector v. State,* (1980) Ind., 408 N.E.2d 1225.

■ During the habitual criminal phase of Appellant's trial, evidence was introduced showing that Appellant had been convicted of robbery in 1968 and first degree burglary in 1974. Appellant claims that both of his prior felony convictions were concluded by plea bargains and not by trials. Appellant apparently now argues that a conviction following a guilty plea is not sufficient to support a habitual criminal finding pursuant to Ind.Code § 35–50–2–8 (Burns Supp.1982). Appellant is incorrect. A conviction has the same efficacy whether it is the result of a guilty plea or a trial on the merits. Since Appellant cites no authority for his proposition, we further deem the issue waived. Ind.R.App.P. 8.3(A)(7); *Wireman v. State,* (1982) Ind., 432 N.E.2d 1343, *reh. denied.*

## II

■ Appellant also claims that the trial court erred by admitting into evidence State's Exhibits 9 and 10. State's Exhibit 9 was the tire iron found behind a washing machine in said apartment building. State's Exhibit 10 was the brown thread found in the socket of said tire iron. It was similar in color and fiber to the threads in the brown towel found in Appellant's possession at the time of his arrest. Appellant's argument seems to be that these two items did not tend to prove a material fact

in his cause and therefore were irrelevant and inadmissible. Appellant relies upon *Minton v. State,* (1978) 269 Ind. 39, 378 N.E.2d 639, where the victim claimed to have been robbed with a knife. The trial court in *Minton* admitted into evidence a knife found in the defendant's automobile since it showed that the defendant had access to a knife which may have been the weapon used in the crime and thus tended to prove an element of the crime. The same can be said of State's Exhibits 9 and 10 in the instant case. The evidence in the instant case shows that Appellant was seen in possession of the tire iron and brown towel when he entered said apartment building. Two doors were pried open in said building and the pry marks matched the tire iron. The exhibits were found hidden in the very area where police pursued Appellant before he was captured. We find that there was sufficient evidence in this case to connect Appellant with these items and to connect these items with the commission of an attempted burglary.

The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.