Charles P. HAMPTON,
Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–1283A414.

Court of Appeals of Indiana,
Fourth District.

Oct. 4, 1984.

---

David B. Sexson, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., of Indiana, Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Charles Hampton (Hampton) appeals his conviction for attempted robbery.

Affirmed.

ISSUES

This appeal presents three issues:

1. Whether the confession was a product of an illegal arrest.
2. Whether the confession was voluntary.
3. Whether the evidence was sufficient to support the verdict.

## FACTS

In the early morning hours of Saturday, January 29, 1983, Frieda Berninger (Berninger) was working at a restaurant in Franklin, Indiana. She observed a man run across U.S. 31 and up to the front windows of a Pizza Hut restaurant located nearby. She thought the man appeared to be about 19-years-old, and saw he was dressed in blue jeans, a jacket and a hat. She observed the man move around the building between windows, and stated she believed he was attempting to avoid car lights. The Pizza Hut's employees were inside, closing the restaurant for the night. After about 15 minutes, Berninger called the police.

Police officers eventually arrived, and discovered Hampton lying face down between bushes and the Pizza Hut building. The arresting officers testified Hampton appeared unstable on his feet, could not coherently answer the officers' questions, and smelled of alcohol. They arrested Hampton for public intoxication and read him his *Miranda* rights.

When Hampton was searched at the jail, detention personnel discovered he was carrying a .22 caliber starter's pistol. While at the jail Hampton also was given a breathalyzer test, which registered .00.

A detective came to the jail and again advised Hampton of his *Miranda* rights. Hampton told the detective he had been expelled from his home by his parents, and was lying in the bushes to keep warm. The detective told Hampton he did not believe this story, and Hampton would be charged with attempted robbery, a class C felony. The detective explained the presumptive sentence for a class C felony is 5 years imprisonment, which may be increased or decreased by 3 years depending upon aggravating or mitigating circumstances. The detective told Hampton he wanted the truth, and while he could make no promises, he could inform the court if Hampton were cooperative.

Hampton then gave the detective a statement in which he acknowledged he had gone to the Pizza Hut to rob it because he had been expelled from his home and needed money for an apartment. During their investigation, officers discovered Hampton previously had worked for the Pizza Hut, he would have known Friday is the restaurant's busiest evening, a late deposit would be made, and several hundred dollars would have been left on the premises. Only the assistant manager and perhaps one or two other employees were at the Pizza Hut when Hampton was arrested outside.

The trial court found Hampton guilty of attempted robbery. He appealed.

## DISCUSSION AND DECISION

### I. Valid Arrest

Hampton initially was arrested on a charge of public intoxication, a class B misdemeanor, *cf.* IND.CODE 7.1-5-1-3. Hampton claims the .00 breathalyzer reading conclusively shows he could not have been intoxicated when arrested, the police thus did not have probable cause to arrest him, and therefore his confession is the product of an illegal arrest. We disagree.

A warrantless arrest must be based on probable cause. *Clark v. State*, (1980) Ind.App., 401 N.E.2d 773, 775. A warrantless arrest for a misdemeanor can be made only if the offense was committed in the presence of the police. *Works v. State*, (1977) 266 Ind. 250, 258, 362 N.E.2d 144, 148; *Elliot v. State*, (1982) Ind.App., 435 N.E.2d 302, 304; *Britt v. State*, (1979) Ind.App., 395 N.E.2d 859, 861, n. 1. The question of whether there is probable cause for the arrest is determined by the facts and circumstances within the knowledge of the officer at the time of the arrest. *Smith v. State*, (1979) 272 Ind. 328, 333, 397 N.E.2d 959, 963. The facts and circumstances must be such as to warrant a person of reasonable caution and prudence to believe the defendant committed the offense in question. *See, Battle v. State*, (1981) Ind., 415 N.E.2d 39, 42; *Harrison v. State*, (1981) Ind.App., 424 N.E.2d 1065, 1068.

Under the facts here presented, Hampton's behavior provided probable cause for his arrest for public intoxication. *Porter v. State*, (1979) 271 Ind. 180, 186, 391 N.E.2d 801, 807, *overruled on other grounds in Fleener v. State*, (1980) Ind., 412 N.E.2d 778, 780–81.

### II. Voluntariness of Confession

Hampton next argues his confession was the result of impermissible coercion by police officers, contending the officers threatened to file charges which could result in a 20-year sentence if Hampton did not confess, and assured him of a misdemeanor conviction and sentence if he did cooperate. We disagree.

The detective testified he told Hampton he wanted the truth; while he would make no promises, he could inform the court if Hampton were truthful and cooperative.

Prior to custodial interrogation, police officers must advise a suspect of his right not to make a statement, of his right to have an attorney present, and the possibility the statement will be used against him in court. *See generally Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Here, *Miranda* warnings were given Hampton twice.

Moreover, the Fourteenth Amendment to the United States Constitution and Art. I, § 15 of our state constitution, demand the confession not be procured through violence, threats, promises or other undue influences which overcome the free will of the suspect. *See, Chambers v. Florida*, (1940) 309 U.S. 227, 235–41, 60 S.Ct. 472, 476–79, 84 L.Ed. 716; *Grassmyer v. State*, (1981) Ind., 429 N.E.2d 248, 252; *Owens v. State*, (1981) Ind., 427 N.E.2d 880, 884; *Bonahoon v. State*, (1931) 203 Ind. 51, 55–56, 178 N.E. 570, 571. However, as the State correctly emphasizes, it is also clear that vague and indefinite statements by the police such as "seeing what they could do for him" or it would "be in his best interest to tell the real story" are not sufficient inducements to render a subsequent confession inadmissi-

ble. *Long v. State*, (1981) Ind., 422 N.E.2d 284, 286.

Justice DeBruler explained our standard of review when faced with the contention these rights were not honored:

In determining whether a statement was voluntarily given, we look to all the circumstances surrounding its giving to determine whether it was "induced by any violence, threats, promises, or other improper influence." ... The same test determines whether a waiver of the *Miranda* rights has occurred. ... The burden is on the State to prove beyond a reasonable doubt the voluntariness of the statement or waiver. ... In reviewing the trial court's ruling on the voluntariness of a statement or waiver, we do not weigh the evidence, but determine whether there is sufficient evidence to support the trial court's finding.

*Ortiz v. State*, (1976) 265 Ind. 549, 553, 356 N.E.2d 1188, 1191.

In this case there was substantial evidence supporting the trial court's ruling. There is no evidence of physical abuse. Further, the officers only told Hampton of the possible sentences for a class C felony, mitigating circumstances could be considered, and they could inform the court if he were truthful and cooperative. These statements are similar to the vague assurances sanctioned in *Long, supra*. The confession was voluntary, and thus admissible.

### III. Sufficiency of the Evidence

Hampton argues the evidence was insufficient to support the verdict. Specifically, he contends (a) his conduct did not constitute a substantial step toward attempted robbery, (b) even if his conduct could be so construed there was no proof of intent, and (c) the evidence showed he had abandoned any attempt to rob the Pizza Hut.

This court neither will reweigh the evidence nor judge credibility of witnesses when presented with sufficiency of evidence questions. We examine only the evidence most favorable to the State and reasonable inferences flowing therefrom. We will affirm the conviction if each element of

the crime is supported by substantial evidence of probative value. *See Gatewood v. State,* (1982) Ind., 430 N.E.2d 781, 782–83; *Lahrman v. State,* (1984) Ind.App., 465 N.E.2d 1162, 1170.

Hampton first contends the evidence was insufficient to establish his conduct constituted a substantial step toward the crime of robbery. IC 35–42–5–1 in pertinent part defining robbery says

> Sec. 1. A person who knowingly or intentionally takes property from another person or from the presence of another person:
>
> (1) by using or threatening the use of force on any person; or
>
> (2) by putting any person in fear;
>
> commits robbery, a Class C felony.

IC 35–41–5–1(a) in pertinent part defining attempt says

> A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

*Johnson v. State,* (1984) Ind., 455 N.E.2d 932, 936; *Blow v. State,* (1983) Ind., 445 N.E.2d 1369, 1371; *Zickefoose v. State,* (1979) 270 Ind. 618, 388 N.E.2d 507; *Harwei, Inc. v. State,* (1984) Ind.App., 459 N.E.2d 52, 58; *Vaughn v. State,* (1981) Ind.App., 426 N.E.2d 113, 115.

Hampton argues he did not take a "substantial step" toward the commission of robbery because he (a) never entered the Pizza Hut, nor (b) placed anyone in fear. Hampton interprets the "substantial step" requirement too narrowly.

■ What conduct constitutes a "substantial step" must be determined from the facts and circumstances of each case, and the conduct must be strongly corroborative of the firmness of the defendant's intent. *Vaughn,* 426 N.E.2d at 115.

■ Here, the record reveals Hampton parked his car near the Pizza Hut next to a busy highway, which would have provided an easy escape route. He hid between bushes and the building, attempting to avoid light from passing cars. When arrested he was found wearing a ski mask, which could be pulled down over his face, and he was armed. He was aware a large amount of cash would be taken by the assistant manager when he departed, and other money would be left in the restaurant. If not for the arrival of the police, Hampton would have been able to rob the assistant manager and anyone else still with him. Similar factual circumstances were found sufficient to support convictions of attempted armed robbery in two recent Illinois cases. In *People v. Terrell,* (1982) 110 Ill.App.3rd 1086, 66 Ill.Dec. 816, 443 N.E.2d 742, *aff'd.* (1984) 99 Ill.2d 427, 77 Ill.Dec. 88, 459 N.E.2d 1337, defendant, hiding in weeds near a newly opened gas station, fled when police approached. He was armed with a weapon, and carrying a black ladies stocking when apprehended. In *People v. Reyes,* (1981) 102 Ill.App.3rd 820, 57 Ill.Dec. 914, 429 N.E.2d 1277, defendant walked past a drug store carrying a rifle, intending to rob people as they came out. The facts here demonstrate Hampton took a substantial step toward commission of robbery.

Hampton next argues whatever the evidence of his *conduct,* the only evidence of his *intent* to commit robbery was the confession, which Hampton asserts was inadmissible. As previously discussed, the confession was admissible. Further, from the facts above-recited, the trier of fact reasonably could infer the requisite intent.

Hampton next appears to argue the fact he waited outside and did not enter and accost the Pizza Hut employees, demonstrates he had abandoned any intent to rob the restaurant. We cannot agree.

■ For an abandonment of a crime to be considered voluntary, the defendant must completely detach himself from the criminal enterprise, and his abandonment must not be attributable to extrinsic circumstances. *Norton v. State,* (1980) 273 Ind. 635, 668–69, 408 N.E.2d 514, 535–36;

*Barnes v. State,* (1978) 269 Ind. 76, 82, 378 N.E.2d 839, 843. There is no evidence Hampton attempted to leave the area prior to the police officers' arrival. This evidence was sufficient for the trial court to conclude Hampton's criminal enterprise was interrupted, not abandoned.

Hampton also suggests there was no evidence to demonstrate he was the person Berninger had seen lurking around the Pizza Hut. Berninger testified the man she observed was wearing blue jeans, a jacket and hat. She also testified the man police eventually arrested, Hampton, was the man she had observed. When arrested, Hampton was wearing blue jeans, a green jacket, and a ski mask pushed on top of his head like a hat, rather than covering his face. The trier of fact could reasonably infer he was the person Berninger observed.

Hampton consistently has argued he was lying by the restaurant to keep warm after his parents ordered him out of his home. However, there was substantial evidence Hampton intended to rob the Pizza Hut. The trier of fact reasonably could and did conclude he was guilty of attempted robbery.

Judgment affirmed.

MILLER, P.J., concurs.

ROBERTSON, J. (sitting by designation), concurs.