Spurgeon SIZEMORE, Appellant,

v.

STATE of Indiana, Appellee.

No. 484S158.

Supreme Court of Indiana.

Oct. 2, 1985.

Susan K. Carpenter, Public Defender of Indiana, Sheila K. Zwickey, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

**57**

GIVAN, Chief Justice.

Appellant was sentenced to three concurrent eight (8) year terms on charges of Forgery, one consecutive four (4) year term on a charge of Theft, to which was added thirty (30) years by reason of his status of an habitual criminal, thus making a total sentence of forty-two (42) years imprisonment.

The facts are: On December 14, 1978, Craig Deputy and Mike Oliver, security guards for the K Mart store on South Madison Avenue in Indianapolis, watched two men attempting to exchange a sweater at the customer service desk. Their conduct, including loud talking, called the guards' attention to them. The guards followed them into the parking lot where they observed one Leon Pettyjohn as the driver of a blue Pontiac and appellant seated in the passenger seat beside him.

The security guards followed the automobile to the south side of the Zayre store where they observed appellant make a purchase and carry a sack to his car. They then followed the vehicle to Southern Plaza where it was parked in front of the Richmond Brothers store. Appellant was observed buying an item there before going to Paul Harris. The security guards observed appellant use a credit card to make the purchase.

While appellant was in the Paul Harris store, security guard Oliver went to Richmond Brothers and obtained the credit card number from the clerk who had processed that purchase. He then checked with K Mart to determine the status of the credit card. Meanwhile, appellant had gone into the Thom McAn Shoe store and made another purchase. The check on the credit card used at Richmond Brothers showed that it was a valid card.

The car was then followed back to the Zayre store. A second call was placed by the security guards to determine the validity of the credit card used at Richmond Brothers. This time they were informed the credit card had been stolen. The guards then moved in on the automobile, opened the door and seized the wallet containing stolen credit cards from appellant. Pettyjohn attempted to conceal three more cards near the armrest console but Oliver grabbed them. These items were turned over to the Marion County Sheriff's Department.

Appellant claims the verdict of the jury is not supported by sufficient evidence and is contrary to law. He takes the position that the court erred in denying his motion to suppress the testimony and evidence pertaining to the search and seizure of the credit cards taken from the automobile in which appellant was riding.

Actions of private individuals are not governed by the Fourth Amendment. *Maciejack v. State* (1980), 273 Ind. 408, 404 N.E.2d 7; *Zupp v. State* (1972), 258 Ind. 625, 283 N.E.2d 540. However, even if we would accept for the sake of argument that the security guards should be held to the same standard as official police officers, we find that there was in fact probable cause to believe that a crime had been committed before any arrest was attempted by the security guards.

■ At the time the guards became suspicious, they did no more than follow appellant and his companion and observe their actions. When they first received word that a credit card used by appellant was a valid card, they made no apprehension of appellant but simply continued their vigil. It was not until after a second call had been made to find that a stolen credit card had been used by appellant to make a purchase that the guards moved in and made the complained-of arrest and search. At that time they were apprised that appellant and his companion had in fact used a stolen credit card to make purchases. This gave them ample probable cause to make a warrantless arrest. *Hampton v. State* (1984), Ind.App., 468 N.E.2d 1077. The actions of Deputy and Oliver were clearly reasonable under Ind.Code § 35–41–3–3(a) which authorizes a citizen arrest of an individual in the act of committing a felony. *See Sports, Inc. v. Gilbert* (1982), Ind.App., 431 N.E.2d 534.

Appellant claims the trial court erred in failing to dismiss the habitual offender count. Here appellant raises arguments which have been handled by this Court many times concerning the constitutionality of our habitual criminal statute. *See Prentice v. State* (1985), Ind., 474 N.E.2d 496 and cases cited therein. We decline appellant's invitation to reverse our prior decisions in this regard.

■ Appellant claims the trial court erred in permitting irregularity in the proceedings and that the court abused its discretion by denying his motion for mistrial which was predicated on the prosecutor's showing a photograph book to a witness in the presence of the jury. The book in question was a book of mug shots used when a witness, Charles Miller, was asked to make an in-court identification of appellant. Counsel made a motion for mistrial which was denied by the court; however, the court made the following admonition to the jury:

"Ladies and gentlemen of the Jury, let me inform you that previously there was discussion about a photograph. The mere fact that the witness was shown a photograph has no bearing upon the issues in this particular case. You are not to infer anything whatsoever but a mere fact that there was a photograph used for this witness' testimony. There is no evidence of anything whatsoever to be taken by the jury of this particular cause."

We hold the admonishment to the jury in this situation was adequate. *Randolph v. State* (1978), 269 Ind. 31, 378 N.E.2d 828.

The trial court is in all things affirmed.

All Justices concur.