Derryl ALEXANDER, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8605–CR–531.

Supreme Court of Indiana.

March 17, 1988.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Burglary, a Class B felony, and Resisting Law Enforcement, a Class A misdemeanor. Appellant received sentences of fifteen (15) years and one (1) year respectively, to be served concurrently.

The facts are: In the early morning hours of November 19, 1985, Crystal Turner was awakened by the sound of breaking glass. She and her son investigated and saw a man she knew by the nickname "Sharp" breaking a window in a neighboring apartment. He would swing at the window, step back to see if anyone was looking, then step forward and swing again. He then walked away and came back to the broken window. Mrs. Turner called the police. Police officer Philip Smiley arrived while appellant was still near the scene of the crime. As Smiley got out of his car, appellant was walking toward him. Smiley was in a marked car and in uniform. He called to appellant to stop; however, appellant turned and ran. Another police officer intercepted appellant who again reversed his direction and ran toward Officer Smiley who arrested him.

Immediately after his arrest Mrs. Turner identified appellant as the person she saw breaking the window. The broken window was in the apartment of Geneva Alexander.

She testified that she knew appellant but had not given him permission to enter her apartment.

Appellant claims he was denied due process as a result of the trial court's failure to instruct the jury that the specific intent to commit the crime of burglary is an essential element of attempted burglary and that knowingly or intentionally is an essential element of resisting law enforcement. Appellant cites the case of *Smith v. State* (1984), Ind., 459 N.E.2d 355, in which this Court stated that it was fundamental error to fail to instruct a jury on the element of specific intent in an attempted murder case.

■ We find the position to be untenable that the jury could have been misled by the instructions given in this case. The court gave its Instruction No. 32, which reads as follows:

"The Defendant is charged in Count One with Attempted Burglary. To convict the defendant, the State must have proven beyond a reasonable doubt each of the following elements:

1) That the defendant

2) knowingly and intentionally

3) engaged in conduct as described in the Information and that such conduct was a substantial step toward the commission of the crime of Burglary.

Burglary, with which the defendant is charged to having attempted to commit in Count One is defined as follows:

'A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary .... a Class B Felony .... if the building or structure is a dwelling....'"

The court also gave Instruction No. 33, which reads as follows:

"The Defendant is charged in Count Two with Resisting Law Enforcement. To convict the defendant, the State must have proven beyond a reasonable doubt each of the following elements:

The Defendant

1) fled from a law enforcement officer

2) after the officer had, by visible or audible means, ordered the defendant to stop.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty."

In addition to the above instructions, the court gave its Instruction No. 7, which said that the State must prove every element of each offense. The court gave Instruction No. 8, which stated that in an attempted burglary proof is required that the person was "acting with the culpability required for commission of the crime." In the court's Instruction No. 8, burglary was defined, including the intent to commit a felony in the building or structure. In the court's Instruction No. 9, the jury was instructed that resisting law enforcement includes the element of "knowingly or intentionally" fleeing from a law enforcement officer. When all instructions are taken as a whole, there can be no doubt the jury was fully informed that in order to be guilty of attempted burglary the appellant must have had the specific intent to commit the burglary.

By the same token, there can be no doubt the jury was fully instructed that in order to be guilty of resisting law enforcement the appellant must have done so intentionally. In addition, the facts of this case amply support the decision of the jury that in both instances appellant was acting deliberately.

■ Appellant claims the evidence in this case is insufficient to sustain his conviction for attempted burglary and for resisting law enforcement. He acknowledges the law in Indiana to be that an attempted burglary may be shown by evidence that a defendant approached a dwelling with a tire iron and pried open an entry to that dwelling without the consent of the owner or other person authorized to give such consent, citing *Blow v. State* (1983), Ind., 445 N.E.2d 1369. He also cites *Beard v. State* (1983), Ind., 448 N.E.2d 1078 for the same proposition. However, he urges this Court to reevaluate those cases in view of our prior holding in *Smith, supra.*

Appellant takes the position that there is no evidence that he did anything but break the window in Mrs. Alexander's apartment. Appellant's intent was a matter for the jury to decide, taking into consideration appellant's actions as described by Mrs. Turner. We are not persuaded to overturn either *Blow, supra* or *Beard, supra*.

 Appellant takes the position that there is no evidence that he knew Officer Smiley was in fact a police officer at the time he fled. However, the evidence is that appellant was facing toward Officer Smiley as he exited a marked police car and that Officer Smiley was in uniform. This is ample evidence from which the jury could find that appellant did in fact know he was fleeing a police officer. This evidence is further buttressed by the fact that when an intercepting police officer came into appellant's view, he reversed his direction and was captured by Officer Smiley as he attempted to flee past him.

The evidence in this case is adequate to support the verdict of the jury. The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, Justice, concurring and dissenting.

Instruction No. 32 quoted in the majority opinion purports to set forth the elements of the crime of attempted burglary which must be proved to warrant conviction. It provides in salient part as follows:

\*  \*  \*  \*  \*  \*

(1) That the defendant
(2) knowingly and intentionally
(3) engaged in conduct as described in the Information and that such conduct was a substantial step toward the commission of the crime of burglary.

\*  \*  \*  \*  \*  \*

In *Smith v. State* (1984), Ind., 459 N.E.2d 355, we condemned an instruction such as this because it purported to define the elements of an attempted felony charge and failed to include, as an element, the accompaniment of the step taken with the intent to commit the specific felony. Here, the instruction does not inform the jury that the State had to prove that at the time appellant knowingly and intentionally engaged in his conduct (here the act of breaking the glass window) he had the intent to steal. As pointed out by Justice Givan in the later case of *Santana v. State* (1986), Ind., 486 N.E.2d 1010, the error in a *Smith* type instruction on an attempted offense is its focus on conduct and its omission of the intent to effect the proscribed result. That is precisely the defect in Instruction No. 32. With No. 32 before the jury, there is no assurance that the jury came to grips with the major problem in this case, namely whether at the time appellant broke the window he had the intent to steal. For this reason, I would reverse and remand for a new trial on the charge of attempted burglary. Otherwise, I concur in the majority opinion.