## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dale W. Arnett
Winchester, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel W. McCarty,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 5, 2018

Court of Appeals Case No.
18A-CR-1166

Appeal from the Randolph
Superior Court

The Honorable Peter D. Haviza,
Judge

Trial Court Cause No.
68D01-1404-FD-202

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Daniel McCarty (McCarty), appeals his conviction for intimidation, a Class D felony, Ind. Code § 35-45-2-1(a)(2) (2013); and public intoxication, a Class B misdemeanor, I.C. § 7.1-5-1-3.

We affirm.

# ISSUE

McCarty presents one issue on appeal, which we restate as: Whether the trial court abused its discretion in admitting certain evidence.

# FACTS AND PROCEDURAL HISTORY

On April 12, 2014, shortly before 1:00 a.m., Tammy Clemons (Clemons), an off-duty 9-1-1 dispatcher, was driving home. Clemons stopped at a stop sign at the intersection of South Columbia and Chestnut roads in Union City, Indiana. (Transcript Vol. II, p. 77). During the stop, Clemons saw two men walking on the sidewalk. One of the men, who was wearing a red shirt and who was later identified as McCarty, was staggering and falling into the roadway. She observed the other man helping McCarty get back on the sidewalk. Immediately, Clemons contacted Officer Jerry Hammons (Officer Hammons) of the Union City Police Department and reported the incident. After giving a description of the men, Clemons further reported that the men were walking toward "Pak-A-Sak," a gas station convenience store. (Tr. Vol. II, p. 78).

[5] Wendy Schweizer (Schweizer), the Pak-A-Sak store clerk who was working that night, saw two men enter the store. Schweizer observed that McCarty was "obviously stumbling around and mumbling and not in the right state of mind." (Tr. Vol. II, p. 89). Schweizer "pretty quickly" formed the opinion that McCarty was "drunk." (Tr. Vol. II, p. 91). Having had unpleasant encounters in the past with drunk patrons, Schweizer felt "scared" being in the presence of McCarty. (Tr. Vol. II, p. 92).

[6] Moments later, Officer Hammons and Officer Lance Mock (Officer Mock), arrived at the Pak-A-Sak store. From outside, the officers could hear McCarty loudly mumbling, and they could see that he was unsteady on his feet and weaving through the aisles. Schweizer waved, and the officers believed that McCarty was "causing a problem inside" the store. (Tr. Vol. II, p. 140). At that point, the officers "decided to intervene and made contact with" McCarty. (Tr. Vol. II, p. 140). When Officer Hammons approached McCarty and asked McCarty how he was doing, McCarty loudly retorted, "fuck you." (Tr. Vol. II, p. 140). Officer Hammons, who was about "two or three steps away from" McCarty, smelled a strong odor of alcohol emanating from McCarty. (Tr. Vol. II, p. 22). Officer Hammons formed an opinion that McCarty was intoxicated. Similarly, Officer Mock believed that McCarty was intoxicated since McCarty was unsteady on his feet.

[7] Officer Hammons asked McCarty for his identification, but McCarty refused. At that moment, Officer Hammons informed McCarty that he was arresting him for public intoxication. Officer Hammons thereafter asked McCarty to

turn around and put his hands behind his back. At first, McCarty complied, but he jerked his left arm and freed himself. After a brief struggle, the officers successfully handcuffed McCarty. As the officers escorted McCarty out of the store, McCarty was swearing loudly at the officers.

[8] On the way to jail, McCarty calmly asked Officer Hammons whether he had any children, and Officer Hammons told McCarty that he did not have any. McCarty proceeded to hurl threats at Officer Hammons by stating, "good, cause when I get out of jail I'm blowing your head off and if you had kids they were going to die." (Appellant's App. Vol. II, p. 152). Officer Hammons was "deathly scared" by McCarty's threat. (Tr. Vol. II, p. 142).

[9] On May 13, 2014, the State filed an Information, charging McCarty with Class D felony intimidation and Class B misdemeanor public intoxication. On September 11, 2014, McCarty filed a motion to suppress, claiming that the police "encounter and arrest" violated both the United States and Indiana Constitutions. (Appellant's App. Vol. II, p.144). Specifically, McCarty alleged that "[A]ny evidence obtained as a result of the illegal encounter and investigation by the police, including any statement by [McCarty] should be suppressed." (Appellant's App. Vol. II, p.144). On May 18, 2015, following a hearing, the trial court denied McCarty's motion to suppress.

[10] On September 27, 2017, a jury trial was conducted. During the hearing, McCarty renewed his motion to suppress and made a continuing objection. The trial court maintained its denial but noted McCarty's objection. At the

close of the jury trial, McCarty was found guilty as charged. On April 18, 2018, the trial court conducted McCarty's sentencing hearing and sentenced him to serve concurrent terms of two years on the intimidation conviction, and 180 days on the public intoxication conviction.

McCarty now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

McCarty argues that the officers did not have probable cause to arrest him for public intoxication. As a result, the threats he made to Officer Hammons on his way to jail should not have been admitted into evidence.

In resolving this issue, we initially observe that the admissibility of evidence is within the sound discretion of the trial court. *Moffitt v. State*, 817 N.E.2d 239, 245 (Ind. Ct. App. 2004). We will reverse a trial court's decision regarding the admission of evidence only for an abuse of discretion. *Flake v. State*, 767 N.E.2d 1004, 1009 (Ind. Ct. App. 2002). An abuse of discretion occurs when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id*.

Indiana Code section 7.1-5-1-3(a) provides, in relevant part, that it is a Class B misdemeanor for a person to be in a public place in a state of intoxication caused by the person's use of alcohol if the person: (1) endangers the person's life; (2) endangers the life of another person; (3) breaches the peace or is in imminent danger of breaching the peace; or (4) harasses, annoys, or alarms another person. McCarty maintains that there was no reason for Officer

Hammons to believe that McCarty's conduct fell within one of those categories. The State, however, maintains that the evidence shows that Officer Hammons had probable cause that McCarty committed public intoxication.

[15] Probable cause for an arrest exists when the facts and circumstances known to the officer would warrant a reasonably prudent person to believe that the arrestee has committed the criminal act in question. *Jellison v. State*, 656 N.E.2d 532, 534 (Ind. Ct. App. 1995). The level of proof necessary to establish probable cause is less than that necessary to establish guilt beyond a reasonable doubt. *Id.* Probable cause, in fact, requires only a fair probability of criminal activity, not a *prima facie* showing. *Id.*

[16] Clemons testified that on the night in question, she saw McCarty staggering and falling into the roadway. Based on her observations, Clemons called Officer Hammons directly on his cellphone and gave a description of McCarty, and informed the officer that McCarty was walking toward the Pak-A-Sak convenience store. The attending store clerk, Schweizer, observed that McCarty had "slurred speech, [and was] obviously not walking right." (Tr. Vol. II, p. 90). Schweizer formed the opinion that McCarty "was drunk." (Tr. Vol. II, p. 91). Schweizer stated that she "felt" scared being all "alone . . . at the gas station with somebody [that was] intoxicated." (Tr. Vol. II, p. 92).

[17] Officer Hammons testified that upon meeting McCarty, he observed that McCarty was "struggling to stand [and] was very uneasy on his feet." (Tr. Vol. II, p. 142). Officer Hammons further stated that McCarty reeked of alcohol.

While Officer Mock testified that he did not smell alcohol from McCarty's mouth, he stated that McCarty was "very unsteady on his feet" and was "apparently intoxicated." (Tr. Vol. II, p. 112). Officer Mock added that Schweizer appeared "agitated" by McCarty's conduct at the store. (Tr. Vol. II, p. 112).

In our view, the above evidence provided the officers with probable cause to arrest McCarty for public intoxication. *See Hampton v. State*, 468 N.E.2d 1077, 1079 (Ind. Ct. App. 1984) (observing that police officers had probable cause to arrest the defendant for public intoxication when the evidence established that the defendant was unstable on his feet and smelled of alcohol). Because there was probable cause to arrest McCarty for public intoxication, the trial court did not abuse its discretion in admitting evidence of McCarty's threat to Officer Hammons. Accordingly, we affirm McCarty's convictions.

## CONCLUSION

Based on the foregoing, we hold that there was probable cause to arrest McCarty for public intoxication, thus the trial court did not abuse its discretion in admitting McCarty's threat to Officer Hammons.

Affirmed.

Vaidik, C. J. and Kirsch, J. concur